THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No.: 3:16CR126–HEH |
| | ) |
| ANTONIO JONES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
(Affirming Decision of the United States Magistrate Judge)

The Defendant Antonio Jones appeals to this Court the sentence imposed by the United States Magistrate Judge after finding him in violation of the terms and conditions of his probation. This Court's review focuses on the record of that court's proceedings, along with the transcript of the sentencing proceedings at issue. As articulated in Rule 58 of the Federal Rules of Criminal Procedure, "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Accordingly, the Defendant is not entitled to a de novo proceeding. *Id.* Both parties have submitted memoranda supporting their respective positions. The Court heard oral argument on December 16, 2016. For the reasons that follow, this Court finds that the sentence imposed by the United States Magistrate Judge is both procedurally and substantively reasonable.

The Defendant initially appeared before the Magistrate Judge on September 4, 2015, after being charged by criminal information with operating a motor vehicle under the influence of alcohol, in violation of §§ 18.2-270 and 46.2-266, Code of Virginia, as

assimilated under 18 U.S.C. § 13. At the time of his initial appearance, the Defendant waived trial by a United States District Judge and consented to disposition of his case by a United States Magistrate Judge.

On October 16, 2015, the Defendant entered a plea of guilty to the amended charge of reckless driving, in violation of § 46.2-852, Code of Virginia, as assimilated under 18 U.S.C. § 13. Prior to sentencing, the Magistrate Judge ordered the preparation of a modified Presentence Investigation Report, accompanied by a calculation of the Defendant's United States Sentencing Guidelines. The probation officer determined that the Defendant had a Total Offense Level of 4, Criminal History Category III, yielding a guideline range of zero to six months of confinement, with a statutory maximum of twelve months. The guidelines also provided for up to three years of probation with a statutory maximum of five years. Neither the Defendant nor the United States offered any objections to the probation officer's calculation of the Guidelines.

On November 24, 2015, the Magistrate Judge sentenced the Defendant to thirty months of probation, adding the special conditions that he totally abstain from the use of alcohol and enroll in and successfully complete an alcohol safety action program. The standard terms and conditions of probation also included a prohibition from violating any federal, state, or local laws. The record reveals no restriction on the Defendant's operation of a motor vehicle.

On July 21, 2016, the probation officer filed a petition alleging violations of the Defendant's probation. The probation officer reported that the Defendant had been arrested in Brunswick County, Virginia, for driving under the influence of alcohol and

possession of an open container of alcohol. The officer further noted two violations of the special condition of the Defendant's probation disallowing consumption of alcohol. Those violations encompassed both his arrest on July 3, 2016, for driving under the influence of alcohol, and a May 26, 2016, urine specimen which tested positive for alcohol.

On August 4, 2016, the Defendant made an initial appearance before the Magistrate Judge on the probation violation petition. The Magistrate Judge released the Defendant pending the revocation hearing, but added two special conditions to the terms of his probation. The first condition required the Defendant to submit to remote alcohol testing. The second condition prohibited the Defendant from driving. At the hearing, the Magistrate Judge said that the alcohol testing device would not be available for a few days, and the Defendant was "not to drive under any circumstances during that time period." (Initial Appearance Tr. 5, ECF No. 37.) The written order, however, stated only that "Defendant shall immediately surrender his driver's license to the U.S. Probation Officer and he is prohibited from driving any vehicle." (ECF No. 25.)

On September 19, 2016, the Defendant again appeared before the Magistrate Judge for a revocation hearing. At that time he admitted consuming alcohol on May 26, 2016, and being convicted of driving under the influence of alcohol in Brunswick County. (Sentencing Tr. 5, ECF No. 37.) After finding the Defendant in violation of his probation, the court inquired of all parties whether the Guidelines had been properly calculated. The Defendant acknowledged that it was a Grade C violation and that he had

a Criminal History Category I,[1] yielding a sentencing range of three to nine months. (*Id.* at 8.) The court then proceeded to explain its reasoning for rejecting the Government's recommendation of three months of incarceration. (*Id.* at 23–24.)

The court began by reminding the Defendant that he had received a significant benefit when the court initially sentenced him to thirty months of probation. (*Id.* at 12.) He also reminded the Defendant of his admonition that the consequences would be harsh if he continued to consume alcohol and drive a motor vehicle. (*Id.*)

The court declined to depart downward from the Guidelines, as recommended by defense counsel. Counsel suggested that the Defendant had made significant progress in addressing his alcohol problem since his arrest in Brunswick County several months prior. This argument, however, was not persuasive.

Prior to imposing sentence, the court touched on each of the relevant factors under 18 U.S.C. § 3553(a). First, the Magistrate Judge underscored that the Defendant had a significant prior criminal history, including convictions for burglary and rape, which resulted in a substantial period of incarceration. He added that the sentence he imposed must reflect the seriousness of the offense, promote respect for the law, and provide for just punishment. Given the circumstances at hand, the court stressed that protecting the public was paramount. "Driving under the influence is a significant danger to the public." (*Id.* at 23.) Turning to adequate deterrence, the court reminded the Defendant of

---

[1] This was a misstatement by the court. The Defendant actually had a Criminal History Score of 5, placing him in Category III. The sentencing range recited by the court was correct.

4

their discussion at the time of his guilty plea of the danger posed by drinking alcohol and operating a motor vehicle. (*Id.* at 24.)

Ultimately, the Magistrate Judge sentenced the Defendant to eight months of imprisonment to be followed by one year of supervised release. As special conditions of the supervised release, the Magistrate Judge said he was "going to require the existing conditions of probation . . . that includes no driving, period."[2] (*Id.* at 25.) Thus the Defendant's supervised release conditions will require him to use a remote alcohol testing device, to refrain from any alcohol consumption, and prohibition from driving a motor vehicle. (*Id.* at 24–25.) The Defendant timely noted his appeal to this Court.

The Defendant maintains that the sentence and accompanying conditions imposed by the Magistrate Judge were both substantively and procedurally unreasonable. In his view, the sentence was substantively unreasonable because it was greater than necessary to serve the factors set forth in 18 U.S.C. § 3553(a). He contends that the judge's primary motivation was the perception that he originally received a lenient sentence on the original underlying offense of reckless driving. In placing undue emphasis on the original sentence of thirty months of probation, he argues that the court marginalized many of the § 3553(a) factors. Furthermore, the Defendant maintains that his eight months of incarceration, along with the supervised release requirements that he wear a transdermal alcohol detection device, that he refrain from the consumption of alcohol,

---

[2] During the revocation hearing, it became apparent that the probation condition prohibiting the Defendant from driving was unclear. The Magistrate Judge had intended for that prohibition to be indefinite. However, the Defendant and his probation officer were under the impression that the Defendant was permitted to drive after receiving the alcohol testing device. (Sentencing Tr. 14 – 18.)

and driving prohibition, is disproportionate to sentences imposed in other comparable cases.

The Defendant contends that the supervised release condition that prohibits him from driving is procedurally unreasonable because it is based on clearly erroneous facts. The judge "erroneously believed he had previously ordered [the Defendant] not to drive a vehicle, when he actually ordered him not to drive a vehicle for a limited period of time while waiting to be placed on the [transdermal alcohol detection] device." (Def.'s Opening Br. 14–15, ECF No. 38.) The Defendant's sentence, however, was both substantively and procedurally reasonable, and will be affirmed.

The United States Court of Appeals for the Fourth Circuit has repeatedly stressed that it "will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise 'plainly unreasonable.'" *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (citing *United States v. Crudup*, 461 F.3d 433, 437 (4th Cir. 2006)). The sentencing court must consider both the policy statements and the applicable policy statement range found in Chapter 7 of the Sentencing Guidelines Manual, as well as the applicable 18 U.S.C. § 3553(a) factors. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007). A sentence within the policy statement is "presumed reasonable[,]" *United States v. Webb*, 738 F.3d 638, 642 (4th Cir. 2003), though "the sentencing court retains broad discretion to ... impose a term of imprisonment up to the statutory maximum." *Moulden*, 478 F.3d at 657 (citing *Crudup*, 461 F.3d at 439).

A sentence is procedurally unreasonable if the district court failed to explain its sentence, failed to calculate or improperly calculated the Guidelines range, treated the

6

Guidelines range as mandatory, failed to consider § 3553(a) sentencing factors, or selected a sentence based on clearly erroneous facts. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Bennett*, 698 F.3d 194, 200 (4th Cir. 2012).

A district court is required to adequately explain its sentencing determination, regardless of whether it adopts a sentence within the appropriate guideline range or makes an upward or downward departure. *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). While a court must provide a statement of reasons supporting the sentence imposed, it need not be as detailed or specific in imposing a revocation sentence as it would be in imposing a post-conviction sentence. *Id.* A sentencing court is not obligated to "robotically tick through § 3553(a)'s every subsection." *Moulden*, 478 F3d. at 657. The explanation need only be sufficient enough to allow the reviewing court to "effectively review the reasonableness of the sentence" and to provide some assurance "that the sentencing court considered the § 3553(a) factors with regard to the particular defendant before [it]." *Id.* (internal citations omitted).

In the immediate case, the Magistrate Judge imposed a substantively reasonable sentence. He explained the necessity for protecting the public from the Defendant's operation of a motor vehicle while intoxicated, deterring his persistent abuse of alcohol, and promoting respect for laws prohibiting drunk driving. Although the Magistrate Judge did not specifically articulate the words "breach of trust," he stressed the Defendant's failure to avail himself of the opportunities afforded him to address his alcohol abuse. The Magistrate Judge also weighed the Defendant's prior criminal history which included

extensive periods of incarceration. Thus, there is nothing substantively unreasonable about the Defendant's sentence.

Likewise, the sentence was procedurally reasonable. The Defendant accurately points out that the Magistrate Judge believed that one of the Defendant's probation conditions was a prohibition on driving. However, the Magistrate Judge acknowledged that there was a misunderstanding between the probation officer and the Defendant as to that condition. And, the Magistrate Judge repeatedly indicated that he would not hold that misunderstanding against the Defendant for sentencing purposes. (Sentencing Tr. 16–18.)

The sentencing transcript also indicates that the Magistrate Judge intended for all of the Defendant's probation conditions to carry over as conditions of his supervised release. However, the Magistrate Judge's clear purpose was to prohibit the Defendant from driving while on supervised release regardless of whether that had been a probation condition. After imposing the sentence, the Magistrate Judge reiterated that, notwithstanding the earlier confusion, a prohibition on driving would be a condition of the Defendant's supervised release. (Sentencing Tr. 26 ("But, to be clear, there will be no driving during that year.").) Based on a thorough review of the record, it cannot be said that the Magistrate Judge selected the sentence based on a clearly erroneous fact.

The Court therefore finds that the sentence imposed was neither procedurally nor substantively unreasonable. The judgment of the United States Magistrate Judge will be affirmed.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Dec 21, 2016
Richmond, VA

9